**GARY J. NELSON, CA Bar No. 184651**
gnelson@lrrc.com
**G. WARREN BLEEKER, CA Bar No. 210834**
wbleeker@lrrc.com
**DREW WILSON, CA Bar No. 283616**
dwilson@lrrc.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, California 91203-1445**
**Telephone: (626) 795-9900**
**Facsimile: (626) 577-8800**

Attorneys for Plaintiff
LODESTAR ANSTALT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LODESTAR ANSTALT, a Lichtenstein company, | Case No. 2:16-cv-6411 |
| Plaintiff, | **COMPLAINT FOR:**<br>**1. FEDERAL TRADEMARK INFRINGEMENT**<br>**2. FEDERAL UNFAIR COMPETITION** |
| vs. | **3. CAL. BUS. CODE § 17200**<br>**4. CALIFORNIA COMMON LAW UNFAIR COMPETITION** |
| BACARDI & COMPANY LIMITED, a Lichtenstein company, BACARDI U.S.A., Inc., a Delaware corporation, and BACARDI LIMITED, a Bermuda company, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff Lodestar Anstalt ("Lodestar" or "Plaintiff") by and through its attorneys, asserts this Complaint against Defendants Bacardi & Company Limited ("BCL"), Bacardi U.S.A., Inc. ("BUSA"), and parent company Bacardi Limited (collectively "Defendants" or "Bacardi") as set forth below.

## THE PARTIES

1.      Lodestar is a Lichtenstein company with its principal place of business in Cyprus.

2.      On information and belief, BCL is a Lichtenstein company with its principal place of business in the Bahamas, and is controlled by Bacardi Limited.

3.      On information and belief, BUSA is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 2701 Le Jeune Road, Miami, Florida, 33134.  On information and belief, BUSA is the United States import, sales, and marketing arm of parent company Bacardi Limited and is controlled by Bacardi Limited.

4.      On information and belief, parent company Bacardi Limited is a Bermuda company located in Bermuda and controls and operates its business through various subsidiaries including BCL and BUSA.

## JURISDICTION AND VENUE

5.      This is an action for trademark infringement under the Lanham Act, 15 U.S.C. § 1114 et seq., unfair competition under the Lanham Act, 15 U.S.C. § 1125 et seq.,  California state statutory unfair competition under California Business and Professions Code § 17200 et seq., and California State common law unfair competition.

6.      This Court has jurisdiction over the subject matter of this lawsuit pursuant to, *inter alia*, 28 U.S.C. §§ 1331 and 1338(a).  The state law claims in this action arise from the same common nucleus of operative facts and transactions, such that they form part of the same case or controversy and a plaintiff would ordinarily be expected to try them all in a single judicial proceeding.  Accordingly, this Court has supplemental jurisdiction over Lodestar's state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) as the Central District is a judicial district in which a substantial part of the events

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

1   or omissions giving rise to the claim occurred, or in the alternative, under 28

2   U.S.C. §§1391(b)(3) and 1391(c)(3) as at least two of the Defendants are not

3   residents or citizens of the United States.

4                           **FACTUAL BACKGROUND**

5        **Lodestar's Development and Use of the UNTAMED Mark**

6        8.      Lodestar is the owner of United States Trademark Registration No.

7   4,033,238 for UNTAMED and design in International Classes 32 and 33 (the

8   "'238 Mark").  This registration has a priority date of July 16, 2009, and has a

9   registration date of October 4, 2011.  Attached as Exhibit A is a copy of the

10  Registration for the '238 Mark.

11       9.      Lodestar is the owner of United States Trademark Registration No.

12  4,033,239 for UNTAMED in International Classes 32 and 33 (the "'239 Mark").

13  This registration has a priority date of July 16, 2009, and has a registration date of

14  October 4, 2011.  Attached as Exhibit B is a copy of the Registration for the

15  '239 Mark.  The '238 Mark and the '239 Mark are referred to collectively as the

16  "UNTAMED marks".

17       10.     Since at least 2009, Lodestar has made use of the UNTAMED marks

18  for Irish whiskey in International Class 33 in the United States.

19       11.     Lodestar, through an importer, has imported and distributed Irish

20  whiskey bearing the UNTAMED marks throughout the United States.

21       12.     Since at least 2014, Lodestar has made use of one or more of the

22  UNTAMED marks on rum products, and has continuously used that mark on rum

23  in the United States.

24       13.     The UNTAMED marks tell the story of The Wild Geese, the name

25  given to the Irish Diaspora who were forced to leave Ireland following the Treaty

26  of Limerick in 1691.  The overall theme of Lodestar's advertising campaign

27  focuses on the theme of defiance in the face of exile.

28

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

14.     For small, independently-owned brands, such as the UNTAMED brand, the intellectual property is often one of the company's most valuable asset. The intellectual property of such entrepreneurs represents the reward for the many sacrifices made over many years, the result of risking everything to create something of value for themselves and their families.

### Bacardi Limited's Control Over Bacardi's Marketing Efforts

15.     According to a 2014 corporate report, parent company Bacardi Limited purports to be "the largest privately held spirits company in the world." Bacardi claims it has a focus on "six core global brands" including Bacardi rum, which it claims is the world's "number one selling rum."

16.     Parent company Bacardi Limited appears to be headquartered in Bermuda and incorporated under Bermudian law.  According to Bacardi Limited, the company operates under a "number of holding companies, trading subsidiaries and operating units, the ultimate owner of which is Bacardi Limited" and that in total, Bacardi has more than 100 companies and sales offices that are wholly-owned."

17.     On information and belief, Bacardi's marketing strategies are controlled by parent company Bacardi Limited at least through its "Bacardi Global Marketing Principles."  On information and belief, Bacardi Limited is responsible for training its commercial teams and employees on marketing principles and for holding employees accountable for complying with marketing principles, including taking corrective actions for violations of its marketing principles.

18.     Parent company Bacardi Limited asserts that it has "robust processes in place to review and approve marketing materials" for Bacardi products including Bacardi rum.  Bacardi Limited claims to have introduced a "marketing compliance approval process" around their various advertising campaigns.

19. On information and belief, parent company Bacardi Limited is the entity which enforces its global marketing principles for the Bacardi companies, including enforcing that "[a]ll Bacardi companies and employees must comply with the laws . . . applicable to their marketing and promotional practices" including U.S. federal law such as the Lanham Act and California law. On information and belief, Bacardi Limited is also responsible for ensuring that "none of our communications attempt to mislead our consumers."

## Bacardi's Hijacking of Lodestar's UNTAMED Marks
## and Advertising Campaign

20. On information and belief, in November of 2013, more than two years after the trademarks for Lodestar's UNTAMED marks issued, and four years after Lodestar began using the UNTAMED marks, Bacardi hijacked Lodestar's trademarks, goodwill, and entire backstory, by initiating its own substantial marketing campaign featuring almost the identical mark, UNTAMEABLE, on the same or related alcohol products as Lodestar uses its UNTAMED marks, and with the very marketing and branding themes as Lodestar had used.

21. On information and belief, parent company Bacardi Limited was ultimately responsible for devising and implementing its infringing UNTAMEABLE marketing plan. On information and belief, BUSA uses the infringing UNTAMEABLE marketing strategy in the United States in connection with the import, offer for sale, and sale of rum products in the United States.

22. On July 17, 2013, Defendant BCL filed a trademark application for the mark BACARDI UNTAMEABLE in International Class 33 for "Alcoholic beverages except beers" with a claimed priority date of February 20, 2013.

23. Bacardi has extensively used the UNTAMEABLE mark in a substantial marketing campaign to advertise, promote, and sell its various rum products in the United States and elsewhere.

24.     On information and belief, over the past three years, Bacardi has spent tens of millions of dollars on its UNTAMEABLE campaign, including television commercials, radio commercials, social media advertisements, and internet advertisements.

25.     On information and belief, the number of impressions on consumers and potential consumers of alcohol products numbers in the hundreds of millions.

26.     On information and belief, Bacardi copied its entire advertising campaign from Lodestar's pre-existing UNTAMED advertising campaign.  Even the theme of Bacardi's UNTAMEABLE campaign was copied.  Lodestar's advertising campaign under its UNTAMED marks tells the story of The Wild Geese, the name given to the Irish Diaspora who were forced to leave Ireland following the Treaty of Limerick in 1691, yet remained defiant in the face of exile.  Bacardi stole that story as well, using the UNTAMEABLE mark with its advertising campaign premised on the idea that Bacardi was exiled from Cuba, and that Bacardi remained defiant, in the face of exile, as shown in a comparison view below:

**Examples of Lodestar's UNTAMED Advertising Campaign**







**Example of Bacardi's Knock-Off UNTAMEABLE Advertising Campaign**



1   27.   Bacardi's use of the UNTAMEABLE mark, which is simply a

2   different conjugation of Lodestar's pre-existing UNTAMED mark, on the same

3   class of goods, directed to the same customers and potential customers, to tell a

4   nearly identically-themed story, is likely to cause confusion as to the source,

5   ownership, sponsorship, or affiliation of the goods among an appreciable

6   percentage of the relevant consuming public.

7   28.   On information and belief, because of Bacardi's significant

8   marketing campaign, an appreciable percentage of the relevant consuming public

9   has now come to associate Lodestar's UNTAMED mark with Bacardi, which

10   constitutes reverse confusion, and has caused substantial damage to Lodestar.

11   29.   On information and belief, Bacardi had actual knowledge of

12   Lodestar's UNTAMED mark and advertising campaign in connection with rum in

13   at least 2012—before its claimed 2013 priority date.  For example, Lodestar

14   exhibited its advertising campaign at a show in Berlin in 2012.  Below are images

15   from that booth, in which the UNTAMED mark and theme of the advertising

16   campaign are shown in connection with the promotion of rum products:





655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

30.     One or more representatives from Bacardi attended the 2012 Berlin show and spent time at the Lodestar booth.

31.     In addition, Bacardi was on constructive notice of Lodestar's use of the UNTAMED mark for nearly five years.

32.     On information and belief, Bacardi had actual knowledge of the UNTAMED marks and Lodestar's associated advertising campaign before Bacardi adopted the nearly identical UNTAMEABLE mark and copycat advertising campaign in 2013.

33.     When BCL's application for the UNTAMEABLE mark first published on the federal Register in early 2015, Lodestar filed an opposition to the registration of the mark.

34.     Given Bacardi's knowledge of Lodestar's mark going back to at least 2012, before Bacardi started using the mark, and Bacardi's continued use of the mark in an infringing manner, with full knowledge of Lodestar's preexisting rights, Bacardi's actions are willful and intended to deprive Lodestar of its rights to the UNTAMED mark.

35.     This is not the first time Bacardi has ripped off someone else's marketing campaign en masse.  On information and belief, in 2006, Bacardi ripped-off San Francisco's The Cacophony Society with Bacardi's "Bacardi Salmon" television commercial.  On information and belief, the Bacardi ad steals the entire concept of The Cacophony Society's Breakers to Bay event.  The Bacardi ad features people dressed as salmon "spawning upstream" during a foot race through New York and ending at a bar, while the Cacophony Society's event features people dressed as salmon "spawning upstream" during a foot race through San Francisco and ending at a bar.

36.     Moreover, on information and belief, Bacardi is well versed in trademark law, understood its actions would violate Lodestar's rights, and intentionally infringed those rights anyway.  For example, despite blatantly

ripping off other small entity's trademarks and ad campaigns, Bacardi publicly claims that it is "a long-time supporter of trademark rights" and "remains committed to defending the fundamental rights against confiscations without compensation." These statements are false. Despite this declaration purportedly supportive of others' rights, Bacardi, in fact, has a long history of confiscating others' trademark rights and ideas without any compensation.

37.     Small, independent distributor Lodestar was never approached by Bacardi, or compensated by Bacardi, for Lodestar's innovative trademark and advertising campaign. On information and belief, Bacardi apparently felt that, as a large multinational entity, it could steal and pirate these items from Lodestar and Lodestar would not have the resources to fight back. Lodestar, however, will not be bullied, will not let its UNTAMED mark be hijacked by, or associated with, a mega-distributor of alcohol such as Bacardi, for a variety of reasons, including that Bacardi's actions were unlawful, and association with Bacardi harms Lodestar in a number of ways, including that Bacardi has been linked to international terrorism, assassination attempts, and a plot to overthrow Fidel Castro's communist regime in Cuba as outlined, for example, in an article appearing in *The Guardian* on April 10, 2014.

38.     In addition, on information and belief, in June of 2015, Rob McPherson, the former president of Bacardi Canada, who spent nine years at Bacardi, posted an open letter to Bacardi chair Facundo Bacardi in which Mr. McPherson wrote that Bacardi is plagued by fundamental issues that are pushing it off the business cliff as reported in an article published on June 19, 2015 by Neal Baker in a global leading drinks trade publication, *the drinks business*.

39.     In that same article, it was reported that a former marketing manager for Bacardi questioned the integrity of the company's leadership, claiming a "lack of honesty at some high positions."

40.     On information and belief, Bacardi has separately been sued by the New England Patriots who recently accused Bacardi of bad faith.  The Patriots assert that Bacardi attempted to walk away from its contractual obligations, and that "internal turmoil" at the company had prompted Bacardi to do so.

41.     In addition, Bacardi has been accused by others of engaging in hidden campaigns to drive other rum competitors out of the United States market.

42.     In addition, on information and belief, in 2004, BUSA was indicted by a Texas grand jury on charges of making an illegal $20,000 payment to a Republican political action committee, Texans for a Republican Majority, founded by Tom DeLay, who lobbied against rival Cuban rum brand Havana Club.

43.     In addition, on information and belief, in 2013, Bacardi was fined $192,000 after multiple OSHA citations for alleged safety violations, one of which led to a young worker being crushed to death.

## <u>COUNT I</u>

### **(Trademark Infringement of a Registered Trademark Under the Lanham Act 15 U.S.C. § 1114)**

44.     Lodestar repeats and realleges the allegations of paragraphs 1 through 43 of the Complaint as if fully set forth here.

45.     The above-cited acts by Bacardi constitute trademark infringement in violation of 15 U.S.C. § 1114.

46.     Lodestar has been damaged by Bacardi's trademark infringement by reason of the likelihood that customers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship or approval of Bacardi and/or Lodestar's products.

47.     By reason of Bacardi's actions alleged herein, Lodestar has suffered irreparable injury to its goodwill.

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

48.     On information and belief, Bacardi's acts of trademark infringement have been willful and taken without regard to the established rights of Lodestar.

## COUNT II

### (Unfair Competition Under the Lanham Act 15 U.S.C. § 1125)

49.     Lodestar repeats and realleges the allegations of paragraphs 1 through 43 of the Complaint as if fully set forth here.

50.     The above-cited acts by Bacardi constitute unfair competition in violation of 15 U.S.C. § 1125.

51.     Lodestar has been damaged by Bacardi's unfair competition by reason of the likelihood that customers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship or approval of Bacardi and/or Lodestar's products.

52.     By reason of Bacardi's actions alleged herein, Lodestar has suffered irreparable injury to its goodwill.

53.     On information and belief, Bacardi's acts of unfair competition have been willful and taken without regard to the established rights of Lodestar.

## COUNT III

### (Unfair Competition Under Cal. Civ. Code §17200 et seq.)

54.     Lodestar repeats and realleges the allegations of paragraphs 1 through 43 of the Complaint as if fully set forth here.

55.     The above-cited acts by Bacardi constitute unfair competition in violation of California Business and Professions Code § 17200 et seq.

56.     Lodestar has been injured by Bacardi's unfair competition by reason of the likelihood that customers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship or approval of Bacardi and/or Lodestar's products.

57.     By reason of Bacardi's actions alleged herein, Lodestar has suffered irreparable injury to its goodwill.

58.     On information and belief, Bacardi's acts of unfair competition have been willful and taken without regard to the established rights of Lodestar.

## COUNT IV

### (California Common Law Unfair Competition)

59.     Lodestar repeats and realleges the allegations of paragraphs 1 through 43 of the Complaint as if fully set forth here.

60.     The above-cited acts by Bacardi constitute unfair competition in violation of the California common law.

61.     Lodestar has been damaged by Bacardi's unfair competition by reason of the likelihood that customers, potential customers, businesses, retailers, and distributors are likely to be confused as to the source or affiliation, sponsorship or approval of Bacardi and/or Lodestar's products.

62.     By reason of Bacardi's actions alleged herein, Lodestar has suffered irreparable injury to its goodwill.

63.     On information and belief, Bacardi's acts of unfair competition have been willful and taken without regard to the established rights of Lodestar.

## PRAYER FOR RELIEF

WHEREFORE, Lodestar prays for:

1.     A permanent injunction restraining Bacardi, its officers, directors, agents, employees, representatives and all persons acting in concert with Bacardi, from engaging in any further trademark infringement and unfair competition;

2.     A monetary award for corrective advertising in an amount to rectify all the harm and damages to Lodestar, including, but not limited to, the reverse confusion caused by willful actions of Bacardi, including, Bacardi's expenditure of tens of millions of dollars on its comprehensive advertising campaign linking Lodestar's mark and advertising campaign to Bacardi's products;

3.     A monetary award to compensate Lodestar for the full value of its trademarks and advertising campaign stolen by Bacardi;

4.     Disgorgement of any profits Bacardi enjoyed as a result of the use of Lodestar's marks;

5.     All damages sustained by Lodestar as a result of Bacardi's infringement and unlawful actions;

6.     Treble damages under the Lanham Act as a result of Bacardi's willful trademark infringement;

7.     Punitive damages, including, but not limited to, punitive damages in an amount that will actually deter Bacardi in the future from knocking-off small, independent competitors who do not have the resources to fight back, and in light of Bacardi's size (on information and belief, U.S. assets of approximately $10 billion) and overall sales (which in the United States alone regularly exceeds $4 billion annually, on information and belief);

8.     Recovery of any gains, profits and advantages Bacardi has obtained as a result of Bacardi's unlawful actions;

9.     An award to Lodestar of its costs in this action, including its reasonable attorneys' fees under at least 17 U.S.C. § 1117, and any other applicable authority; and

10.    Such other and further relief as the Court deems proper.


Dated:  August 25, 2016                    Respectfully submitted,

                                           LEWIS ROCA ROTHGERBER
                                           CHRISTIE LLP

                                     By    /s/Gary J. Nelson
                                           Gary J. Nelson
                                           G. Warren Bleeker
                                           Drew Wilson

                                           Attorneys for Plaintiff
                                           LODESTAR ANSTALT

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

Lewis Roca
ROTHGERBER CHRISTIE

1

## JURY DEMAND

2

Lodestar demands a jury trial on all issues for which a jury trial is

3

permitted.

4

5

Dated:  August 25, 2016          Respectfully submitted,

6

LEWIS ROCA ROTHGERBER
CHRISTIE LLP

7

8

By   /s/Gary J. Nelson
             Gary J. Nelson

9

             G. Warren Bleeker
             Drew Wilson

10

Attorneys for Plaintiff
LODESTAR ANSTALT

11

12

LBOLTER PAS1430401.4-*-08/25/16 4:09 PM

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28