| | **CIVIL MINUTES – GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-06411-CAS-FFM | Date | April 21, 2017 |
| Title | LODESTAR ANSTALT v. BACARDI & CO. LTD., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANTS' MOTION TO CHANGE VENUE (Dkt. 42, filed March 21, 2017)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the hearing date of April 24, 2017 is vacated, and the matter is hereby taken under submission.

## I.  INTRODUCTION

On August 25, 2016, plaintiff Lodestar Anstalt ("Lodestar") filed a complaint in against defendants Bacardi & Company Limited ("Bacardi & Co."), Bacardi U.S.A., Inc. ("Bacardi USA"), and Bacardi Limited (collectively, "Bacardi"). Dkt. 1. ("Compl."). Lodestar alleges four claims: (1) trademark infringement in violation of 15 U.S.C. § 1114, (2) unfair competition in violation of 15 U.S.C. §1125, (3) unfair competition under Cal. Civ. Code §§ 17200 et seq., and (4) unfair competition in violation of California common law. Id.

On March 21, 2017, Bacardi filed a motion to transfer this action to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). Dkt. 42 ("Motion"). Lodestar filed its opposition on April 3, 2017, dkt. 46 ("Opp'n"), and Bacardi filed its reply on April 10, 2017, dkt. 47 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:16-cv-06411-CAS-FFM | Date | April 21, 2017 |
|---|---|---|---|
| Title | LODESTAR ANSTALT v. BACARDI & CO. LTD., ET AL. | | |

## II.  BACKGROUND

Lodestar alleges the following facts.

Lodestar is a Lichtenstein company with its principal place of business in Cyprus. Compl. ¶ 1.  Lodestar owns U.S. Trademark Registration No. 4,033,238 for UNTAMED and design in International Classes 32 and 33 (the "'238 Mark").  Id. ¶ 8.  This registration has a priority date of July 16, 2009 and a registration date of October 4, 2011. Id.  Lodestar also owns U.S. Trademark Registration No. 4,033,239 for UNTAMED in International Classes 32 and 33 (the "'239 Mark"), which also has a priority date of July 16, 2009 and a registration date of October 4, 2011.  Id. ¶ 9.  The '238 and '239 Marks are referred to collectively as the "UNTAMED marks."  Id.

Since 2009, Lodestar has used the UNTAMED marks for its Irish whisky, which has been imported and distributed throughout the United States.  Id. ¶¶ 10, 11.  Since 2014, Lodestar has used the UNTAMED marks on rum products in the United States.  Id. ¶ 12.

Bacardi Limited is located in Bermuda and is the parent company of subsidiaries Bacardi & Co. and Bacardi USA.  Id. ¶ 4.  Bacardi & Co. is a Lichtenstein company with its principal place of business in the Bahamas.  Id. ¶ 2.  Bacardi USA is a corporation organized under Delaware laws and maintains its principal place of business in Miami, Florida.  Id. ¶ 3.  Bacardi Limited purports to be "the largest privately held spirits company in the world."  Id. ¶ 15.  Bacardi USA is the import, sales, and marketing arm of Bacardi Limited in the United States.  Id. ¶ 3.

According to Lodestar, Bacardi infringed Lodestar's "trademarks, goodwill, and entire backstory, by initiating its own substantial marketing campaign featuring almost the identical mark, UNTAMEABLE, on the same or related alcohol products as Lodestar uses its UNTAMED marks, and with the very marketing and branding themes as Lodestar had used."  Id. ¶ 20.  Lodestar avers that Bacardi Limited, with actual and constructive notice, filed a trademark application for the mark BACARDI UNTAMEABLE in International Class 33 for "alcoholic beverages except beers" and began a substantial marketing campaign using the mark.  Id. ¶¶ 22–23.  Lodestar further alleges that Bacardi's use of the mark BACARDI UNTAMEABLE to promote rum products is likely to result in consumer confusion and therefore constitutes trademark infringement and unfair competition.  Id. ¶ 20.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-06411-CAS-FFM | Date | April 21, 2017 |
|---|---|---|---|
| Title | LODESTAR ANSTALT v. BACARDI & CO. LTD., ET AL. | | |

## III. LEGAL STANDARD

A district court where venue is otherwise proper may nonetheless transfer an action pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Therefore, in deciding a motion to transfer pursuant to 28 U.S.C. § 1404(a), the Court must consider three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a); see Los Angeles Mem'l Coliseum Comm'n v. NFL, 89 F.R.D. 497, 499 (C.D. Cal. 1981).

In analyzing the "interests of justice," a number of factors are relevant, including:

(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof . . . [9] the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis [as is] [10] the relevant public policy of the forum state, if any.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 499 (9th Cir. 2000); see also Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29–30 (1988). However, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth above weigh heavily in favor of venue elsewhere." Catch Curve, Inc. v. Venali, Inc., 05-cv-04820-DDP-AJW, 2006 WL 4568799, at *1 (C.D. Cal. 2006). The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278–79 (9th Cir. 1979). The decision to transfer lies within the sound discretion of the trial judge. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-06411-CAS-FFM | Date | April 21, 2017 |
| Title | LODESTAR ANSTALT v. BACARDI & CO. LTD., ET AL. | | |

## IV. DISCUSSION

Bacardi argues that this case could have been brought in the Southern District of Florida because it is where "a substantial part of the events . . . giving rise to the claim occurred" or, alternatively, because it is where at least one "defendant is subject to the court's personal jurisdiction with respect to such action." Motion at 5 (quoting 28 U.S.C. § 1391(b)(1), (3)). The Court agrees and Lodestar does not dispute that venue would be proper in the Southern District of Florida. Accordingly, the Court's analysis focuses on which forum would serve the convenience of the parties and witnesses and whether the interests of justice favor transfer. See Los Angeles Mem'l Coliseum, 89 F.R.D. at 499.

### A. Convenience of the Parties

Lodestar does not address or dispute Bacardi's argument that the Southern District of Florida would be more convenient for the parties. Bacardi USA has its principal place of business in Miami, Florida and the other defendants are foreign corporations for whom the east coast of the United States is more convenient. Florida is no more inconvenient—and likely more convenient—for Lodestar, a Lichtenstein company with its principal place of business in Cyprus. Accordingly, the Court finds that the convenience of the parties weighs in favor of transfer to the Southern District of Florida.

### B. Convenience of the Witnesses

"The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a). Importantly, [w]hile the convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is the more important factor." Saleh v. Titan Corp., 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (citation and quotation marks omitted).

Bacardi asserts that seven of its eight individual witnesses are located within the Southern District of Florida, and one is located in the United Kingdom. Motion at 7–8. These eight witnesses include six former employees (i.e., non-party witnesses) and two current employees as potential witnesses who could provide testimony regarding:

> (1) the development and adoption of the BACARDI UNTAMEABLE mark and use of the mark in the U.S. advertising campaign, (2) the current and planned use of the BACARDI UNTAMEABLE mark in the U.S. including

any marketing, advertising, and/or promotions in the U.S. that contain the mark, (3) the basis for Bacardi's ownership of the BACARDI UNTAMEABLE trademark in the U.S.; (4) any instances of actual confusion between Bacardi's BACARDI UNTAMEABLE mark and Lodestar's UNTAMED mark in the U.S., (5) channels of trade and target consumers in the U.S. for products sold in connection with the BACARDI UNTAMEABLE marketing campaign, (6) expenditures made by Bacardi in connection with any marketing, advertising, and/or promotions in the U.S. that contain the mark, and (7) U.S. sales of product related to the marketing campaigns that utilized the BACARDI UNTAMEABLE mark.

Id. at 8.  In addition, Bacardi asserts that its advertising agency, BETC London Limited ("BETC")—which came up with the BACARDI UNTAMEABLE idea—would provide testimony concerning the creation of the BACARDI UNTAMEABLE advertising campaign.  Id.  BETC is located in London, United Kingdom.  Id.

Lodestar contends that at least three important non-party witnesses reside in this district.  Opp'n at 10.  According to Lodestar, two non-parties, Wine Warehouse and Mission Liquor, have personal knowledge of Lodestar's actual use of the UNTAMED marks in this district, including through use on the labeling of Lodestar's products.  Id. at 8.  Lodestar asserts that Wine Warehouse and Mission Liquor will provide key evidence to rebut Bacardi's abandonment argument.  Id.  Wine Warehouse is located in Los Angeles, California and acts as Lodestar's local distributor and Mission Liquor, which is Lodestar's local retailer, is located in Glendale.  Id.  Lodestar further contends that a third non-party witness, Young's Market Company, is located in this district and is particularly relevant in this matter because it was Bacardi's distributor during Bacardi's launch of its "Bacardi Untameable" campaign in 2013 and when Bacardi conducted its 2015 "Bacardi Untameable Tour" in Los Angeles.  Id. at 11–12.  Lodestar argues that outside of this forum, it would be unable to compel these three non-party witnesses to testify at trial, which would be highly prejudicial to Lodestar.  Id. at 12.

Lodestar argues that that the Court should not give any weight to Bacardi's non-party witnesses who are former employees because "Bacardi has failed to show that no current employee could offer that same evidence."  Opp'n at 13.  In support of this proposition, Lodestar relies on Heartland Payment Sys., Inc. v. Mercury Payment Sys., LLC, No. 14-cv-0437-CW, 2014 WL 5695051 (N.D. Cal. Nov. 4, 2014.  In Heartland, the court discounted any inconvenience to non-party witnesses who were former

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-06411-CAS-FFM | Date | April 21, 2017 |
| Title | LODESTAR ANSTALT v. BACARDI & CO. LTD., ET AL. | | |

employees because the defendant had "not stated . . . why the former employees would have information its current employees lack." However, other courts *have* considered the inconvenience to non-party former employees who were involved with conduct relevant to the case. See Garlough v. Trader Joe's Co., No. 15-cv-01278-TEH, 2015 WL 4638340, at *4 (N.D. Cal. Aug. 4, 2015); Credit Acceptance Corp. v. Drivetime Auto. Grp., Inc., No. 13-cv-01531-MRW, 2013 WL 12124382, at *4 (C.D. Cal. Aug. 5, 2013).

In addition, Bacardi has introduced sales records showing that Lodestar sold its Irish whiskey not just in California, but also to stores in New Jersey, Missouri, Kansas, Georgia, Colorado, Oklahoma, and Vermont. See dkt. 43-2. Lodestar "has not explained how or why" Wine Warehouse and Mission Liquor, "differ from the . . . non-California distributors" that Lodestar uses. See FastCap, LLC v. Snake River Tool Co., LLC, No. 15-cv-02764-JSC, 2015 WL 6828196, at *7 (N.D. Cal. Nov. 6, 2015). Nor has Lodestar explained how or why Young's Market Company differs from Bacardi's non-California distributors.

Because both parties identify non-party witnesses who would testify in this case, the Court finds that the convenience of the witnesses is neutral.

### C. Interests of Justice

Familiarity with the Governing Law

Lodestar asserts federal claims along with two claims under California law. Accordingly, Lodestar argues that a California court will be more familiar with the relevant state law. While the judges in each jurisdiction are fully capable of deciding issues arising under California law, "[a] California district court is more familiar with California law than district courts in other states." In re Ferrero Litig., 768 F. Supp. 2d 1074, 1081 (S.D. Cal. 2011). Thus, this factor weighs slightly against transfer.

Plaintiff's Choice of Forum

Ordinarily, where relevant factors do not strongly favor transfer, "the plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). However, deference to the plaintiff's choice of venue diminished if the moving party establishes one or more of the following factors:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-06411-CAS-FFM | Date | April 21, 2017 |
| Title | LODESTAR ANSTALT v. BACARDI & CO. LTD., ET AL. | | |

(1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum.

Metz v. U.S. Life Ins. Co. in City of N.Y., 674 F. Supp. 2d 1141, 1146 (C.D. Cal. 2009). The Court finds that, at a minimum, the third and fourth factors are present here. Neither party resides in the forum, therefore, "the deference is considerably less[.]" Exact Identification Corp. v. Feldman Sherb & Co, P.C., No. 05-cv-2116, 2006 WL 236921, at *3 (E.D. Cal. Jan. 31, 2006).

With respect to the connection to this district, Lodestar argues that its claims of trademark infringement and unfair competition arise out of events that occurred in this district and that both parties had substantial contacts with this forum. Opp'n at 4, 17–18. According to Lodestar, Bacardi targeted consumers in this district in 2013 by launching its "Bacardi Untameable" campaign and then again in 2015 during its "Bacardi Untamable Tour," which featured a traveling party bus advertising the BACARDI UNTAMEABLE mark and social media advertisements targeting local consumers. Id. at 4–6. Lodestar also asserts that Bacardi hosted the Bacardi "Untameable Artist Series" in this district, which included a performance by a known musical artist. Id. at 5. Bacardi, in turn, argues that courts grant motions to transfer despite distribution and sales activity in the plaintiff's choice of forum. Reply at 7. For example, in FastCap, the court concluded that plaintiff's "choice of forum . . . receives little deference" in part because "California is just one of several states with a distributor or reseller of the allegedly infringing product." FastCap, 2015 WL 6828196, at *5; see also GTE Wireless, Inc. v. Qualcomm, Inc., 71 F. Supp. 2d 517, 519 (E.D. Va. 1999) ("GTE argues that its choice of forum should be given substantial weight because Qualcomm sells and offers for sale patent-infringing cellular telephones in Virginia. Further, GTE maintains that both GTE and Qualcomm conduct substantial retail business in Virginia, and that Qualcomm is registered to conduct business in Virginia. Despite these facts, however, the Eastern District of Virginia is not Plaintiff's home forum and thus Plaintiff's choice of forum will not be given dispositive deference." (citations omitted)). Bacardi further contends that its UNTAMEABLE campaign was national and included promotions in many states around the country. Reply at 7–8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-06411-CAS-FFM | Date | April 21, 2017 |
| Title | LODESTAR ANSTALT v. BACARDI & CO. LTD., ET AL. | | |

Given that neither party resides in the forum and the subject matter of the litigation is only loosely connected with this forum, the Court finds that plaintiff's choice of forum is entitled to little deference.

Contacts with the Forum

Lodestar asserts that it has distributed products using the UNTAMED marks in this district. The parties agree that Bacardi has marketed and sold products using the UNTAMEABLE marks in California. However, Bacardi contends that its UNTAMEABLE campaign was national and not specifically targeted to California. Motion at 11. Thus, as noted above, "California is just one of several states with a distributor or reseller of the allegedly infringing product." FastCap, 2015 WL 6828196, at *5. "In a trademark infringement action, the actionable wrong takes place both where infringing labels are affixed to the goods and where confusion of purchasers is likely to occur." Sutter Home Winery, Inc. v. Madrona Vineyards, L.P., No. 05-cv-0587-MHP, 2005 WL 701599, at *4 (N.D. Cal. Mar. 23, 2005). Accordingly, the Court finds that this factor is neutral.

Costs of Litigation

Bacardi argues that the costs of litigation favor transfer because the majority of potential witnesses are located in Florida. Motion at 11. Lodestar argues that Bacardi failed to offer evidence regarding the cost of litigating in California as compared with Florida and, as a result, this factor weighs against transfer. Opp'n at 18. Though the parties have not submitted specific evidence regarding the general costs of litigation in each forum, "litigation costs are reduced when venue is located near the most witnesses expected to testify" and—notwithstanding "developments in electronic conveyance"—when the "the venue is in the district in which most of the documentary evidence is stored." Park v. Dole Fresh Vegetables, Inc., 964 F. Supp. 2d 1088, 1095 (N.D. Cal. 2013). Accordingly, the Court concludes that this factor weighs in favor of transfer.

Access to Evidence

Bacardi argues, and Lodestar does not dispute, that all of Bacardi's records are located in Southern Florida or in London, United Kingdom. Motion at 12. However, the importance of this factor has decreased, as "technological advances in document storage and retrieval, [and] transporting documents between districts" have greatly reduced the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:16-cv-06411-CAS-FFM | Date | April 21, 2017 |
|---|---|---|---|
| Title | LODESTAR ANSTALT v. BACARDI & CO. LTD., ET AL. | | |

burden of transporting documents between districts. <u>Brackett v. Hilton Hotels Corp.</u>, 619 F. Supp. 2d 810, 820 (N.D. Cal. 2008). Therefore, this factor counsels in favor of transfer, but is accorded little weight.

### D. Summary

On balance, the Court finds and concludes that the interests of justice weigh slightly in favor of transferring this action to the Southern District of Florida. Because this action could have been brought in the Southern District of Florida and because, taken together, the interests of justice, the convenience of the parties, and the convenience of the witnesses favor transfer to the Southern District of Florida, the Court concludes that transfer is appropriate.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Bacardi's motion to transfer this action to the Southern District of Florida.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | CMJ | |